UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRED WHELAN and MEGAN ELLIS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DILIGENT CORPORATION,<br><br>Defendant. | Case No. 1:22-cv-07598-AT<br><br>**DECLARATION OF RAINA C. BORRELLI IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

1.  I am a partner of Turke & Strauss LLP, and one of the counsel of record for Plaintiff. I have personal knowledge of the facts set forth in this declaration and could testify competently to them if called upon to do so.

2.  I represent Plaintiffs Fred Whelan Jr. and Megan Ellis and the proposed Settlement Class in the above-captioned litigation.

3.  This declaration supports Plaintiff's Motion for Preliminary Approval of Class Action Settlement with Defendant Diligent Corporation ("Diligent"). This declaration explains the bases for the Settlement, including the significant relief it affords Settlement Class Members. I have personal knowledge of the facts in this declaration and could testify to them if called on to do so.

## LITIGATION BACKGROUND

### a. The Complaint

4.  Plaintiffs are former employees of Diligent and data breach victims, having received Notice of Data Breach letters from Diligent. In September 2022, Plaintiff Whelan sued Diligent to remediate the harm its breach had caused him, including identity theft, asserting seven

1

counts and demanding Diligent reimburse his losses. Plaintiff Ellis was added as a Plaintiff on May 8, 2023. Plaintiffs have been impacted the same as all Settlement Class Members and have the same interests as them. Plaintiffs have assisted in the investigation of this case, reviewed and approved pleadings, stayed in contact with Settlement Class Counsel, and answered Settlement Class Counsel's many questions. Plaintiffs are informed of the risks of continued litigation and the benefits of early resolution. The Settlement Class is estimated to include approximately 2,569 individuals.

5.   Shortly after filing the Complaint, the Parties agreed to explore mediation. No Rule 12 motions were filed and no formal discovery has been conducted.

   a. **Mediation**

6.   Instead, the Parties engaged early in Federal Rule of Evidence 408 communications and discovery, and were able to make significant progress negotiating a term sheet prior to mediation with Mr. Bruce Friedman, an experienced mediator with JAMS.

7.   After agreeing to mediate and prior to the mediation, the parties negotiated a number of preliminary terms, including a structure for the settlement. While the negotiations were always collegial, cordial, and professional, there is no doubt that they were adversarial in nature, with both parties forcefully advocating the position of their respective clients.

8.   On February 28, 2023, the Parties mediated with Mr. Bruce Friedman from JAMS, a mediator experienced in resolving data breach cases. Under his guidance, the Parties negotiated at arm's length, communicating their positions through him and evaluating the strengths and weaknesses underlying their claims and defenses. From the start, the Parties agreed they would not negotiate Proposed Class Counsel's attorney fees or Plaintiff's service award until they agreed on the settlement agreement's core terms, thus avoiding potential conflict between Plaintiff and

the Settlement Class. This session with Mr. Friedman resulted in progress in the Parties' negotiations, although they were not able to reach the final terms of the Settlement. In the following weeks, the Parties continued to negotiate through Mr. Friedman and reached an agreement on the material terms of the Settlement. On April 16, 2023, the Parties signed a term sheet. Throughout all negotiations, Settlement Class Counsel and counsel for Diligent fought hard for the interests of their respective clients.

9. In the weeks that followed, the Parties diligently negotiated and edited drafts of the Settlement, the Notices, a Claim Form, and other exhibits, and agreed Angeion would serve as Claims Administrator. Angeion has a trusted and proven track record of supporting hundreds of class action administrations, with vast legal administration experience.

## COUNSEL'S RECOMMENDATION

10. My decade-plus years of experience in representing individuals in complex class actions—including data breach actions—informed Plaintiff's settlement position, and the needs of Plaintiffs and the proposed Settlement Class. While I believe in the merits of the claims brought in this case, I am also aware that a successful outcome is uncertain and would be achieved, if at all, only after prolonged, arduous litigation with the attendant risk of drawn-out appeals and the potential for no recovery at all. In my experience, it is my opinion that the proposed Settlement of this matter provides significant relief to the Settlement Class Members and warrants the Court's preliminary approval. The Settlement is well within the range of other data breach settlements in the relief that it provides.

11. The Settlement's terms are designed to address the potential harms caused by the data breach, providing credit monitoring and identity theft restoration services and reimbursing economic and non-economic losses.

12. This result is particularly favorable given the risks of continued litigation. Plaintiff faced serious risks prevailing on the merits, including proving causation, as well as risk at class certification and at trial, and surviving appeal. A settlement today not only avoids the risks of continued litigation, but it also provides benefits to the Settlement Class Members now as opposed to after years of risky litigation.

13. The Settlement's benefits unquestionably provide a favorable result to the Settlement Class Members, placing the Settlement well within the range of possible final approval and satisfying the requirements for preliminary approval under applicable law. Therefore, the Court should grant preliminary approval.

14. Additionally, the Notice program contemplated by the Settlement provides the best practicable method to reach Settlement Class Members and is consistent with other class action notice programs that have been approved by various courts for similarly situated matters.

15. Thus, Settlement Class Counsel asks the Court to grant preliminary approval of the Settlement Agreement and enter the proposed preliminary approval order filed with this motion.

## **COUNSEL'S QUALIFICATIONS**

16. Turke and Strauss is a law firm in Madison, Wisconsin, that focuses on complex civil and commercial litigation with an emphasis on consumer protection, employment, wage and hour, business, real estate, and debtor-creditor matters.

17. Raina Borrelli is a partner at Turke & Strauss LLP whose practice focuses on complex class action litigation, including data breach, Telephone Consumer Protection Act ("TCPA"), false advertising, and consumer protection cases in both state and federal courts around the country. Ms. Borrelli received her J.D. magna cum laude from the University of Minnesota Law School in 2011. Prior to joining Turke & Strauss, Ms. Borrelli was a partner at Gustafson

Gluek, where she successfully prosecuted complex class actions in federal and state courts. Ms. Borrelli is an active member of the Minnesota Women's Lawyers and the Federal Bar Association, where she has assisted in the representation of pro se litigants though the Pro Se Project. Ms. Borrelli has repeatedly been named to the annual Minnesota "Rising Star" Super Lawyers list (2014-2021) by SuperLawyers Magazine. She has also been repeatedly certified as a North Star Lawyer by the Minnesota State Bar Association (2012-2015; 2018-2020) for providing a minimum of 50 hours of pro bono legal services. In recent years, Ms. Borrelli has been substantially involved in a number of complex class action matters in state and federal courts including: *Hudock v. LG Electronics USA, Inc.*, 16-cv-1220 (JRT/KMM) (D. Minn.); *Baldwin v. Miracle-Ear, Inc.*, 20-cv-01502 (JRT/HB) (D. Minn.); *In re FCA Monostable Gearshifts Litig.*, 16-md-02744 (E.D. Mich.); *Zeiger v. WellPet LLC*, 17-cv-04056 (N.D. Cal.); *Wyoming v. Procter & Gamble*, 15-cv-2101 (D. Minn.); *In re Big Heart Pet Brands Litig.*, 18-cv-00861 (N.D. Cal.); *Sullivan v. Fluidmaster*, 14-cv-05696 (N.D. Ill.); *Rice v. Electrolux Home Prod., Inc.*, 15-cv-00371 (M.D. Pa.); *Gorczynski v. Electrolux Home Products, Inc.*, 18-cv-10661 (D.N.J.); *Reitman v. Champion Petfoods*, 18-cv-1736 (C.D. Cal.); *Reynolds, et al., v. FCA US, LLC*, 19-cv-11745 (E.D. Mich.).

18.    Ms. Borrelli has significant experience in data privacy litigation and is currently litigating more than fifty data breach cases in courts around the country as lead counsel or co-counsel on behalf of millions of data breach victims, including *In re Netgain Tech. Consumer Data Breach Litig.*, 21-cv-1210 (D. Minn.) (appointed by the court to the Plaintiffs' Interim Executive Committee); *In re C.R. England, Inc. Data Breach Litig.*, 2:22-cv-374-DAK-JCB (appointed by the court has Interim Co-Lead Counsel); *Medina et al. v. PracticeMax Inc.*, 22-cv-01261-DLR (D. Ariz.) (appointed to Executive Leadership Committee); *Forslund et al. v. R.R. Donnelley & Sons Co.*, 1:22-cv-04260 (N.D. Ill.) (appointed as interim co-lead class counsel); *In re Lincare Holdings,*

*Inc. Data Breach Litig.*, 8:22-cv-01472 (M.D. Fla.) (appointed to Interim Executive Leadership Committee); *McLaughlin v. Flagstar*, 22-cv-11470 (E.D. Mich.); *Corra et al. v. Acts Retirement Services, Inc.*, 2:22-cv-02917 (E.D. Pa.); *Grogan v. McGrath RentCorp., Inc.*, 22-cv-490 (N.D. Cal.); *Goetz v. Benefit Recovery Specialists, Inc.*, Case No. 2020CV000550 (Wis. Cir. Ct., Walworth Cty.) (data breach settlement on behalf of 500,000 breach victims); *Kunkelman v. Curators of the University of Missouri, d/b/a MU Health Care*, Case No. 21BA-CV00182 (Mo. Cir. Ct., Boone Cty.); *Baldwin v. Nat'l Western Life Ins. Co.*, 21-cv-04066-WJE (W.D. Mo.) (settlement on behalf of 800,000 data breach victims).

19. The Turke & Strauss Firm Resume is attached hereto as **Ex. A.**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 26th day of June, at Eagan, Minnesota.

                                             */s/ Raina C. Borrelli*
                                             Raina C. Borrelli