```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  12/19/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRED WHELAN and MEGAN ELLIS,
on behalf of themselves and all others
similarly situated,

                    Plaintiffs,

-against-

DILIGENT CORPORATION,

                    Defendants.

22 Civ. 7598 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      The Court has reviewed Plaintiffs' motion for preliminary approval of the class action settlement and their supporting memorandum of law. *See* ECF Nos. 36–38. The Court cannot grant preliminary approval on the current record. Accordingly, by **January 22, 2024**, Plaintiffs shall file a letter addressing the following matters:

1. Why the Court should certify a separate California Settlement Subclass. *See* Fed. R. Civ. P. 23(a); 23(e)(2)(A).

2. Whether the Settlement Class satisfies commonality and typicality in light of the California Settlement Subclass. *See* Fed. R. Civ. P. 23(a), (e)(2)(A).

3. Whether Plaintiffs' proposal not to appoint separate California Settlement Subclass representatives satisfies adequacy, is rooted in precedent, and is consistent with other data security-related class settlements. *See* Fed. R. Civ. P. 23(a), (e)(2)(A).

4. Whether the monetary and nonmonetary relief provided to class members is adequate, particularly in comparison to other data security-related settlements. *See* Fed. R. Civ. P. 23(e)(2)(C). Although Plaintiffs imply that it is, ECF No. 37 at 22, Plaintiffs are directed to specifically justify the $200,000 settlement cap given the $2,500 limit per class members, the number of potential class members, and the separate relief provided to the members of the California Settlement Subclass.

5. Whether the degree of documentation for class members to submit claims is reasonable, particularly in comparison to other data security-related class settlements. *See* Fed. R. Civ. P. 23(e)(2)(C).

6. Whether the proposed attorneys' fees award is reasonable, particularly in comparison to other data security-related class settlements. *See* Fed. R. Civ. P. 23(e)(2)(C)(iii). Plaintiffs are specifically directed to discuss (1) why the Court should utilize a percentage-of-the-fund method to assess the reasonableness of the award when the fund

may not be expended in full, (2) the percentage of the fund that counsel's proposed award represents, and (3) how the lodestar multiple in this case compares to similar cases.

7. Whether the plaintiff service awards are reasonable, particularly in comparison to other data security-related class settlements. *See* Fed. R. Civ. P. 23(e)(2)(D). Plaintiffs shall also explain the efforts of the named plaintiffs in this case.

SO ORDERED.

Dated: December 19, 2023
New York, New York

_____
ANALISA TORRES
United States District Judge