

straussborrelli.com

Raina Borrelli
raina@straussborrelli.com
872.263.1100

March 7, 2025

*VIA E-FILING*

Honorable Analisa Torres
United States Courthouse
500 Pearl St.
New York, NY 1007-1312
Torres_NYSDChambers@nysd.uscourts.gov

Re:     Whelan and Ellis v. Diligent Corporation (Case No. 1:22-cv-07598-AT)

Dear Judge Torres,

Pursuant to the Court's February 24, 2025, Order (Doc. 44), Plaintiffs submit this letter brief regarding the application of Rule 23 to the California Settlement Subclass.

As discussed in Plaintiffs' Motion for Preliminary Approval (Docs. 37, 38), Plaintiffs' supplemental letter brief in support of preliminary approval (Doc. 40), and Plaintiffs' letter to the Court regarding supplemental authority in support of certification of the California Settlement Subclass (Doc. 41), the Court should certify the California Settlement Subclass provided for in the parties' Settlement Agreement because it is procedurally and legally proper. Additionally, for the reasons detailed below, the California Settlement Subclass satisfies Fed. R. Civ. P. 23(a) and (b), and should be certified for settlement purposes.

As this Court has recognized, "[p]rovisional settlement class certification and appointment of class counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating a global settlement, ensuring notification of all class members of the terms of the proposed Settlement Agreement, and setting the date and time of the final approval hearing." *Monzon v. 103W77 Partners, LLC*, No. 13-cv-5951, 14-cv-530 2014 U.S. Dist. LEXIS 147093, at *5-6 (S.D.N.Y. Oct. 15, 2014) (citation omitted).

Under Rule 23(a), a class action may be maintained where the movants demonstrate (1) the class is so numerous that joinder is impracticable; (2) the class has common questions of law or fact; (3) the representatives' claims are typical of the class claims; and (4) the representatives will fairly and adequately protect class interests. See Fed. R. Civ. P. 23(a). Additionally, under Rule 23(b)(3), a class may be maintained where "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

March 7, 2025
Page 2

**Numerosity**

Numerosity requires "the class [be] so numerous that joinder of all members is impractical." Fed. R. Civ. P. 23(a)(1). While there is no numerical requirement for satisfying the numerosity requirement, forty class members generally satisfies the numerosity requirement. *Alcantara v. CNA Mgmt., Inc.*, 264 F.R.D. 61, 64 (S.D.N.Y. Dec. 8, 2009); *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 370 (S.D.N.Y. Jan. 29, 2007); *see also Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995).

Here, the California Settlement Subclass contains approximately 1,012 members, thus satisfying the numerosity requirement. *See also* Doc. 40 at pg. 9.

**Commonality**

Commonality requires Plaintiffs to demonstrate "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). The threshold for meeting this prong is not high—commonality does not require that every question be common to every member of the class, but rather that the questions linking class members are substantially related to the resolution of the litigation and capable of generating common answers even where the individuals are not identically situated. *Lizondro-Garcia v. Kefi LLC*, 300 F.R.D. 169, 175 (S.D.N.Y. 2014) (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)). A plaintiff may meet the commonality requirement where the individual circumstances of class members differ, but "their injuries derive from a unitary course of conduct by a single system." *Marisol A. by Forbes v. Giuliani*, 126 F.3d, 372 377 (2d Cir. 1997) (per curiam). "Even a single common legal or factual question will suffice." *Jackson v. Bloomberg, L.P.*, 298 F.R.D. 152, 162, (S.D.N.Y. Mar. 19, 2014) (quoting *Freeland v. AT & T Corp.*, 238 F.R.D. 130, 140 (S.D.N.Y. Aug. 17, 2006)).

Commonality is satisfied as to the California Settlement Subclass. In addition to the common legal and factual issues identified in Plaintiffs' preliminary approval brief (Doc. 37 at pg. 25), additional common questions of fact and law exist as to the California Settlement Subclass, including whether Defendant's conduct related to the Security Incident violated relevant California statutes, including the California Consumer Records Act, Cal. Bus. Code § 1798.80, *et seq.* and California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*).

**Typicality**

Under Rule 23(a)(3), the typicality requirement is satisfied where "the claims or defenses of the class representatives have the same essential characteristics as those of the class as a whole." Fed. R. Civ. P. 23(a)(3); *see also In re Flag Telecom Holdings, Ltd. Securities Litig.*, 574 F.3d 29, 35 (2d Cir. 2009) (internal quotation omitted); *Bolanos v. Norwegian Cruise Lines Ltd.*, 212 F.R.D. 144, 155 (S.D.N.Y. Nov. 26, 2002). The crux of the typicality requirement is to ensure that "maintenance of a class action is economical and [that] the named Plaintiffs' claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Marisol A.*, 126 F.3d at 376.

Here, the California Settlement Subclass is represented by Megan Ellis who, like all California Settlement Subclass members, is a California resident whose Personal Information was impacted by the Security Incident. Thus, her claims are typical of those of the California Settlement Subclass.

March 7, 2025
Page 3

**Adequacy**

A representative plaintiff must be able to provide fair and adequate representation for the class. To satisfy the adequacy of representation requirement, plaintiffs must establish that: (1) the there is no conflict of interest between the class representatives and other members of the class; and (2) the plaintiffs' counsel is qualified, experienced, and generally able to conduct the litigation. *Bolanos*, 212 F.R.D. at 156 (quoting *Marisol A.*, 126 F.3d at 378..

Plaintiff Ellis's interests are aligned with the California Settlement Subclass as she seeks relief for the same injuries and legal claims as the rest of the Subclass and their claims arise out of the same conduct by Defendant. Moreover, as detailed in Plaintiffs' brief in support of their motion for preliminary approval, proposed settlement class counsel has significant experience in data breach class actions and is well-qualified to represent the California Settlement Subclass. *See* Doc. 37 at pg. 27.

**Predominance**

As with the nationwide Settlement Class, common issues predominate as to the California Settlement Subclass. The predominance requirement is met when the defendant's wrongful acts involve common practices, or when the defendant has a common defense. *Fox v. Cheminova*, 213 F.R.D. 113, 130 (E.D.N.Y. Feb. 28, 2003) (citing *In re "Agent Orange" Prod. Liab. Litig.*, 818 F.2d 145, 166-167 (2d Cir. 1987)). Predominance is regularly met in cases where the focus is on the conduct of a defendant rather than that of individual plaintiff, making it particularly susceptible to common, generalized proof. *Cohen*, 262 F.R.D. at 159.

As detailed in Plaintiffs' brief in support of their motion for preliminary approval, common factual and legal issues predominate. *See* Doc. 37 at pg. 28-29. With respect to legal issues relevant to the California Subclass (i.e. whether Defendant violated California statutes including the California Consumer Records Act, Cal. Bus. Code § 1798.80, *et seq.* and California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*), the same legal and factual questions are at issue, including whether Defendant took reasonable steps to protect California Settlement Subclass members' personal information and whether Defendant's conduct injured California Settlement Subclass members. Additionally, "the existence of a settlement that eliminates manageability problems can alter the outcome of the predominance analysis." *In re Am. Int'l Grp. Sec. Litig.*, 689 F.3d 229, 242 (2d Cir. 2012).

**Superiority**

Finally, the California Settlement Subclass satisfied the superiority requirement. Certification of the California Settlement Subclass will increase judicial efficiency and conserve resources over the alternative of individually litigating hundreds of actions arising out of the same Security Incident.

For the foregoing reasons, as well as those detailed in Plaintiffs' brief in support of preliminary approval (Doc. 37), Plaintiffs' January 22, 2024, letter brief (Doc. 40), and Plaintiffs' September 12, 2024, letter regarding supplemental authority in support of certification of the California Settlement Subclass (Doc. 41), the California Settlement Subclass should be certified for settlement purposes.

Plaintiffs remain available to answer any further questions the Court may have.

Very truly yours,

STRAUSS BORRELLI PLLC

*Raina Borrelli*

Raina C. Borrelli